Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br><br>vs.<br><br><br>Carlos M. Hernández Domínguez<br><br>Peticionario | KLCE202400721 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Crim. Núm.:<br>E OP2015G0029,<br>E BD2015G0165,<br>3 LA2015G0257 AL 0259<br><br>Sobre: Art. 245CP recl. Tent. Art. 245 CP, Art. 5.04 Ley 404, (Mod. Arma Neumática), Art. 5.04 Ley 404, Art. 5.15 Ley 404 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de julio de 2024.

Comparece ante nos, el señor Carlos M. Hernández Domínguez (en adelante, Sr. Hernández Domínguez o peticionario), quien presenta recurso de *Certiorari* en el que solicita se le exima del pago de la pena especial que le fuere impuesta en la "Sentencia" emitida el 15 de octubre de 2015, por el Tribunal de Primera Instancia, Sala Superior de Caguas.

Junto con su recurso, el Sr. Hernández Domínguez sometió una solicitud para que se le exima del pago del arancel por razón de indigencia *(In Forma Pauperis)*, la cual está debidamente cumplimentada. Tomando en consideración su condición de confinado, y evaluada la misma, se acepta y aprueba según presentada.

Número Identificador

SEN2024 _____

Luego de evaluar el escrito del peticionario, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso presentado mediante los fundamentos que expondremos a continuación.

## I.

Por hechos acaecidos el 5 de octubre de 2015, el Ministerio Público (en lo sucesivo, Estado o recurrido) acusó criminalmente al Sr. Hernández Domínguez en los siguientes casos: (1) **E OP2015G0029**, (2) **E BD2015G0165**, (3) **E LA2015G0257**, (4) **E LA2015G0258**, y (5) **E LA2015G0259**.

Iniciados los procedimientos, el peticionario hizo alegación de culpabilidad. Atendida la misma, el 15 de octubre de 2015, el Tribunal de Primera Instancia emitió "Sentencia", y condenó al Sr. Hernández Domínguez a cumplir 15 años y 6 meses de prisión. Además, le impuso el pago de $300.00 en cada caso, por concepto de pena especial.

Tiempo después, el Sr. Hernández Domínguez presentó una "Moción en Alegación de Indigencia y Retiro de Costas". Evaluado su escrito, el 6 de octubre de 2021, el foro recurrido emitió una "Orden" y, en virtud de la Ley Núm. 34-2021, eximió al peticionario del pago de la pena especial que le fue impuesta en cada uno de los casos, entiéndase, los casos: (1) **E OP2015G0029**, (2) **E BD2015G0165**, (3) **E LA2015G0257**, (4) **E LA2015G0258**, y (5) **E LA2015G0259**.

Así las cosas, el Sr. Hernández Domínguez recurre ante este foro apelativo intermedio, y solicita se le exima del pago de la pena

especial que le fuere impuesta en la "Sentencia" emitida el 15 de octubre de 2015.

**II.**

**-A-**

En general, los tribunales tienen la obligación y responsabilidad de decidir los casos que se le presentan ante su consideración, incluso aquellos que con gusto evitaría. No obstante, como doctrina de autolimitación y de prudencia en el ejercicio del Poder Judicial, los tribunales solo pueden resolver aquellas controversias que sean justiciables. *Hernández, Santa v. Srio. De Hacienda*, 208 DPR 727, 738 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón*, 135 DPR 406, 420 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) cuando las

partes no poseen legitimación activa para incoar la acción presentada. *Noriega v. Hernández Colón, supra,* a la pág. 421.

**-B-**

Un caso académico es aquél mediante el cual "se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes que éste haya sido reclamado, o una sentencia sobre un asunto que, al dictarse, por alguna razón no podrá tener efectos prácticos sobre una controversia existente". *E.L.A. v. Aguayo, supra,* a la pág. 584; *Ex parte Steele,* 162 Fed. 694 (1908). Como norma general, los tribunales tienen el deber de resolver los casos y controversias que se presentan ante sí. No obstante, ante un caso académico, los tribunales deberán abstenerse de considerarlo en sus méritos por motivo de autolimitación judicial e imperativo constitucional. *Asoc. de Periodistas v. González,* 127 DPR 704, 719 (1991).

**III.**

Según revela el tracto procesal discutido, el Sr. Hernández Domínguez hizo alegación de culpabilidad en los casos (1) **E OP2015G0029**, (2) **E BD2015G0165**, (3) **E LA2015G0257**, (4) **E LA2015G0258**, y (5) **E LA2015G0259**. Resultando convicto, se le impuso el pago total de $1,500.00 por concepto de pena especial, consistentes en $300.00 por cada caso. Sin embargo, mediante "Orden" emitida el 6 de octubre de 2021, **el foro *a quo* eximió al peticionario del pago de la pena especial que le fue impuesta en cada uno de estos casos**.

En su escrito, el Sr. Hernández Domínguez nos solicita que le eximamos del pago de la pena especial. No obstante, como ya explicamos, **el foro recurrido ya le concedió el remedio solicitado**.

Cónsono con el marco legal expuesto, los tribunales solo atenderán aquellas controversias que sean justiciables. Un caso

no es justiciable cuando, entre otras instancias, la cuestión a resolver se ha tornado académica.  Un es caso académico cuando se trata de obtener un fallo sobre una controversia que en realidad no existe.  En estos casos no existe un interés real en obtener un remedio, por lo que, consecuentemente, procede su desestimación.

**Evidentemente**, **el caso ante nos es académico**, **y como tal**, **debemos abstenernos de considerarlo**. **El remedio solicitado no podrá tener efectos prácticos**, **toda vez que ya este le fue concedido al peticionario**, **según solicitado**.  Por lo anterior, procede la desestimación del recurso.

### IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso de *Certiorari* solicitado por señor Carlos M. Hernández Domínguez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones